IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| William Green,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     1:22cv40 (TSE/IDD) |
| Kindeva Drug Delivery, et al.,<br>    Defendants. | )<br>)<br>)<br>) |

MEMORANDUM OPINION and ORDER

Proceeding pro se, Virginia inmate William Green ("Green" or "plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983, and alleges that defendants Kindeva Drug Delivery,[1] Sandoz Inc.,[2] and Dr. K. Strickland, were deliberately indifferent to his serious medical need because Green suffered an adverse reaction to a prescription for asthma administered through an inhaler (albuterol) [Dkt. No. 1 at 4]. Plaintiff seeks monetary relief in the amount of $300,000, and has applied to proceed in forma pauperis ("IFP") [Dkt. No. 2]. Because plaintiff is a prisoner, his amended complaint will be screened to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A. For the reasons stated below, the complaint fails to state a § 1983 claim with regard to Kindeva Drug Delivery and Sandoz Inc., and each defendant will be dismissed with prejudice because further amendment would be futile. Plaintiff will be allowed to amend his complaint with respect to Dr. K. Strickland to cure deficiencies noted herein.

---

[1] Kindeva is a private corporation involved in the manufacture of pharmaceuticals. See https://www.kindevadd.com/ (last viewed on Jan. 28, 2022).

[2] Sandoz Inc. is a private corporation involved in the manufacture of pharmaceuticals. See https://www.sandoz.com/ (last viewed on Jan. 28, 2022).

## I. IFP

If the Court grants IFP status, the $52 administrative fee will be waived, and the Court will assess an initial partial filing fee amounting to 20% of the greater of (a) the average monthly deposits to plaintiff's inmate account, or (b) the average monthly balance in plaintiff's inmate account, based on the account balances in the preceding 6-month period. 28 U.S.C. § 1915(b)(1). From that point on, plaintiff will be required to make monthly payments of 20% of the preceding month's income, so long as the income exceeds $10. Id. § 1915(b)(2). This monthly payment will continue until the full $350 filing fee has been paid, even after this civil action is resolved or dismissed. Id. § 1915(b)(1). Certain supporting documentation are needed to assess whether to grant IFP status. Through this Order, plaintiff's institution of confinement will be directed to provide the missing financial information. Additionally, plaintiff will be directed to sign and return a form consenting to the withdrawal of funds from his inmate trust account.

## II. Facts

In his complaint, Green alleges that he used the albuterol inhaler prescribed for him by defendant Strickland for the first time on November 27, 2021, and he had a "severe asthma attack." [Dkt. No. 1 at 4]. Green alleges he had a further adverse reaction to the medication about one hour later that resulted in "dizziness, nausea, and [a] headache." [Id.]. At 6:13 p.m. that day, Green submitted an emergency grievance and was seen by Nurse Suhnur. After interviewing Green regarding what had happened, Nurse Suhnur provided Green with medication for nausea and Green was scheduled for a follow-up two days later on November 29, 2021. [Id.]. At the follow-up, Green was given additional nausea medication, and he had an additional dose of the nausea medication at 8:30 p.m. that evening. [Id.].

Green alleges that Kindeva is liable to him because Kindeva manufactured the albuterol inhaler; Sandoz is liable to him because Sandoz distributed the albuterol inhaler; and Dr.

Strickland is liable to him because Dr. Strickland prescribed the albuterol inhaler. [Id. at 4-5]. Green alleges that the defendants' gross negligence established deliberate indifference and violated his Eighth Amendment rights and right to equal protection.

### III. Standard of Review

Pursuant to § 1915A, this Court must dismiss any claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### IV. Deliberate Indifference

An Eighth Amendment claim relating to medical care in prison requires a plaintiff to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, plaintiff must allege two distinct elements to support a claim. First, he must allege a sufficiently serious medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Second, a plaintiff must allege that the defendant was deliberately indifferent to his serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An assertion of mere negligence or even malpractice is not sufficient to state an Eighth Amendment violation. See Estelle, 429 U.S. at 106. Instead, "an official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs *and the related risks*, but nevertheless disregarded them." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (emphasis added). "Deliberate indifference" entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show *more than negligence or the misdiagnosis of an ailment.*" Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (emphasis added). "Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that 'an official's failure to alleviate a significant risk that *he should have perceived but did not*, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.'" Id. at 703 (citing Farmer, 511 U.S. at 838).

Green must also show that each defendant alleged to have deprived him of a federal constitutional right was an "official acting 'under color of' state law." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (quoting Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)). To establish personal liability under § 1983, "the plaintiff must 'affirmatively show[] that the official charged *acted personally in the deprivation of the plaintiff's rights,*"

4

Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted), which requires that the official's "own individual actions" must have "violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

*A. Defendants Kindeva and Sandoz*

The complaint does not include any allegations that either Kindeva or Sandoz had any involvement in the treatment of Green by Dr. Strickland. To the contrary, the allegations exclude both defendants from any such involvement. Further, a corporation may fairly be said to be a state actor only if they "acted together with or ... obtained significant aid from state officials" in furtherance of the challenged action. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see Dennis v. Sparks, 449 U.S. 24, 27 (1980) (stating that a private actor is considered a state actor if the private actor is a "willful participant in joint action with the State or its agents"). Green has not only failed to demonstrate that either defendant had any involvement in his treatment, but Greens allegations preclude an assertion that either defendant was a state actor. Accordingly, Kindeva and Sandoz must be dismissed as defendants in this matter.

*B. Dr. Strickland*

Green alleges Dr. Strickland was deliberately indifferent to his serious medical needs because Green had an adverse reaction to the albuterol the first time he used. A prisoner's adverse reaction to a medication prescribed by a prison physician, however, does not, by itself, establish deliberate indifference. See, e.g., Lowe v. Davenport, 442 F. App'x 955, 956-7 (5th Cir. 2011) (affirming dismissal of prisoner's complaint for failure to state a claim where he alleged that he suffered deleterious side effects from prescribed medications, but failed to allege any facts showing that defendants knew that he had a serious medical need and refused to treat that

need).[3] In dismissing a claim of deliberate indifference based upon an adverse reaction to a medication administered to an inmate, one federal district court noted that without establishing that the medical provider

> knew or should have known about [the inmate's] apparent allergy, it is not reasonable to infer she was deliberately indifferent to the risk he would have an adverse reaction to the medication prescribed for him. Experiencing negative side effects from a prescribed medication is one the general public regularly undergoes. See Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (noting exposure to hazards faced daily by members of the public at large does not constitute a violation of the Eighth Amendment.).

Davis v. Wingo, No. 3:09cv062, 2009 U.S. Dist. LEXIS 52932, *9 (N.D. Ind. June 23, 2009). The district court concluded that "at best, [the inmate had] merely allege[d] that [the medical provider] may have been negligent." Id. Green's allegation of deliberate indifference against Dr. Strickland does not state a claim in its present form and he will be granted leave to amend his complaint to address whether Strickland knew or should have known about his apparent allergy. If Green decides to amend his claim, he must possess a good faith, factual basis for any allegation that Dr. Strickland knew or should have known about Green's apparent allergy.

*C. Equal Protection*

To state an equal protection claim against a prison official, an inmate

---

[3] Numerous courts have held that absent prior knowledge, an allegation of deliberate indifference based upon an adverse reaction to medication fails and should be dismissed. See, e.g., Caines v. Interian, 855 F. App'x 419, 420 (9th Cir. 2021) (affirming dismissal of a deliberate indifference claim holding an official does not "violate a prisoner's Eighth Amendment rights when prescribing a medication that he has no reason to believe will result in an adverse reaction") (citations omitted); Ardis v. Polavarapu, No. 18cv13264, 2018 U.S. Dist. LEXIS 201644, *3 (E.D. Mich. November 28, 2018) (dismissing inmates allegation of deliberate indifference based upon the defendant prescribing him a medication to which he "reacted badly" under 28 U.S.C. § 1915(e)(2), because allegations only establish "that either the type of medication or the dosage caused plaintiff to experience negative side effects" which "conceivably may" state "a medical malpractice claim ... [but] he has no Eighth Amendment claim); Ellis v. Kitchin, No. 2:07cv367, 2008 U.S. Dist. LEXIS 118576, *7 (E.D. Va. 2008) (dismissing a claim that medical provider was deliberately indifferent in treating an inmate for an abscess with penicillin and ibuprofen based upon the inmate's adverse reaction to the medications, because "[a]t most, this claim amounts to possible negligence, not deliberate indifference."); see also Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (holding doctor was not deliberately indifferent to prisoner's medical needs by inadvertently prescribing a medication to which she knew the prisoner had previously experienced an adverse reaction).

> "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id.

Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002). Green has failed to state any facts to establish an equal protection claim or that would raise an implication that he was treated differently than any other person with whom he might be similarly situated.

Accordingly, it is hereby

ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this Order; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 and an administrative fee of $52.00, pursuant to 28 U.S.C. § 1914(a); and it is further

ORDERED that the Clerk request plaintiff's institution to provide an inmate account report form on plaintiff within thirty (30) days of the date of this Order; and it is further

ORDERED that, within thirty (30) days of the entry of this Order, plaintiff sign and return the attached consent form, through which plaintiff will agree to the gradual withdrawal of funds from plaintiff's inmate trust account to pay the filing fee for this case; and it is further

ORDERED that defendants Kindeva Drug Delivery and Sandoz Inc. are DISMISSED WITH PREJUDICE as defendants in this matter; and it is further

ORDERED that Plaintiff may particularize and amend his complaint as to Dr. Strickland based on a good faith, factual allegation that Dr. Strickland knew or should have known of Plaintiff's allergy to albuterol within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by submitting a short, detailed statement of background facts which describes the specific conduct of Dr. Strickland. Plaintiff must include his civil action

7

number, **1:22cv40 (TSE/IDD)**, on the first page of his amended complaint. Plaintiff is advised that **this amended complaint will serve as the sole complaint in this civil action**; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order, a § 1983 form, and a consent form to plaintiff; and to send a copy of this Order and the inmate account report form to plaintiff's institution of confinement.

Entered this 4th day of Feb 2022.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge