## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| William Green,<br>    Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:22cv40 (TSE/IDD) |
| | ) | |
| Kindeva Drug Delivery, et al., | ) | |
|     Defendants. | ) | |

<u>MEMORANDUM OPINION and ORDER</u>

Proceeding <u>pro se</u>, Virginia inmate William Green ("Green" or "plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983, and alleged that defendants Kindeva Drug Delivery, Sandoz Inc., and Dr. K. Strickland, were deliberately indifferent to his serious medical need because Green suffered an adverse reaction to a prescription for asthma administered through an inhaler (albuterol) [Dkt. No. 1 at 4]. Because plaintiff is a prisoner, his complaint was screened on February 4, 2022 to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A. Defendants Kindeva Drug Delivery and Sandoz Inc. were each dismissed with prejudice because further amendment would have been futile. [Dkt. No. 5]. Plaintiff was allowed to amend his complaint with respect to Dr. K. Strickland to cure deficiencies noted herein and he filed an amended complaint on March 7, 2022. [Dkt. No. 6]. Because plaintiff is a prisoner, his amended complaint was screened on February 4, 2022 to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A.

### II. Facts

In his complaint, Green alleged that he used the albuterol inhaler prescribed for him by defendant Strickland for the first time on November 27, 2021, and he had a "severe asthma

attack." [Dkt. No. 1 at 4]. Green alleges he had an adverse reaction to the medication about one hour later that resulted in "dizziness, nausea, and [a] headache." [Id.]. At 6:13 p.m. that day, Green submitted an emergency grievance and was seen by Nurse Suhnur. After interviewing Green regarding what had happened, Nurse Suhnur provided Green with medication for nausea and Green was scheduled for a follow-up two days later on November 29, 2021. [Id.]. At the follow-up, Green was given additional nausea medication, and he had an additional dose of the nausea medication at 8:30 p.m. that evening. [Id.].

Green alleged that Dr. Strickland is liable to him because Dr. Strickland prescribed the albuterol inhaler. [Id. at 4-5]. In the amended complaint, Green alleges that Dr. Strickland is his primary doctor at the Deerfield Correctional Center and that he "should have known or check[ed] to see" if plaintiff was allergic to any of the ingredients in the inhaler and checked his medical history before plaintiff used it. [Dkt. No. 6 at 4]. Plaintiff alleges that he submitted an emergency grievance for medical treatment after he had the adverse reaction. [Id.].

### III. Standard of Review

Pursuant to § 1915A, this Court must dismiss any claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most

2

favorable to the plaintiff. <u>See</u> <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952.

In order to screen a complaint, however, a plaintiff must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing <u>Twombly</u>, 550 U.S. at 555).

### IV. Deliberate Indifference

An Eighth Amendment claim relating to medical care in prison requires a plaintiff to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Thus, plaintiff must allege two distinct elements to support a claim. First, he must allege a sufficiently serious medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Iko v. Shreve</u>, 535 F.3d 225, 241 (4th Cir. 2008).

Second, a plaintiff must allege that the defendant was deliberately indifferent to his serious medical need. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). An assertion of mere negligence or even malpractice is not sufficient to state an Eighth Amendment violation. <u>See</u> <u>Estelle</u>, 429 U.S. at 106. Instead, "an official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs *and the related risks*, but nevertheless disregarded them." <u>DePaola v. Clarke</u>, 884 F.3d 481, 486 (4th Cir. 2018) (emphasis added). "Deliberate indifference" entails a level of culpability equal to the criminal law definition of

recklessness, that is, a prison official "must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." Farmer, 511 U.S. at 837.

The requirement that the official subjectively perceived a risk of harm and then

disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus,

a plaintiff alleging deliberate indifference must show *more than negligence or the misdiagnosis*

*of an ailment.*" Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (emphasis added).

"Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that 'an

official's failure to alleviate a significant risk that *he should have perceived but did not*, while no

cause for commendation, cannot under our cases be condemned as the infliction of

punishment.'" Id. at 703 (citing Farmer, 511 U.S. at 838).

Green must also show that each defendant alleged to have deprived him of a federal

constitutional right was an "official acting 'under color of' state law." Williamson v. Stirling,

912 F.3d 154, 171 (4th Cir. 2018) (quoting Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180

(4th Cir. 2009)). To establish personal liability under § 1983, "the plaintiff must 'affirmatively

show[] that the official charged *acted personally in the deprivation of the plaintiff's rights*,"

Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted), which

requires that the official's "own individual actions" must have "violated the Constitution."

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

In his original complaint, Green alleged Dr. Strickland was deliberately indifferent to his

serious medical needs because Green had an adverse reaction to the albuterol the first time he

used. The Court noted in its February 4, 2002 order that

> "[a] prisoner's adverse reaction to a medication prescribed by a prison physician,
> however, does not, by itself, establish deliberate indifference. See, e.g., Lowe v.

Davenport, 442 F. App'x 955, 956-7 (5th Cir. 2011) (affirming dismissal of prisoner's complaint for failure to state a claim where he alleged that he suffered deleterious side effects from prescribed medications, but failed to allege any facts showing that defendants knew that he had a serious medical need and refused to treat that need). In dismissing a claim of deliberate indifference based upon an adverse reaction to a medication administered to an inmate, one federal district court noted that without establishing that the medical provider

> knew or should have known about [the inmate's] apparent allergy, it is not reasonable to infer she was deliberately indifferent to the risk he would have an adverse reaction to the medication prescribed for him. Experiencing negative side effects from a prescribed medication is one the general public regularly undergoes. See Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (noting exposure to hazards faced daily by members of the public at large does not constitute a violation of the Eighth Amendment.).

Davis v. Wingo, No. 3:09cv062, 2009 U.S. Dist. LEXIS 52932, *9 (N.D. Ind. June 23, 2009). The district court concluded that "at best, [the inmate had] merely allege[d] that [the medical provider] may have been negligent." Id. Green's allegation of deliberate indifference against Dr. Strickland does not state a claim in its present form and he will be granted leave to amend his complaint to address whether Strickland knew or should have known about his apparent allergy.

[Dkt. No. 5 at 5-6] (footnote omitted).

The February 4, 2022 Order granted plaintiff leave to amend his complaint to cure the deficiency noted in the Order, but the amended complaint did not cure the deficiency. Instead, the amended complaint simply puts forth a conclusory allegation that lacks a factual basis to support the claim that Dr. Strickland knew or should have known that plaintiff was allergic to albuterol or some ingredient in it. Plaintiff alludes to his "medical history" but does not allege that his medical history included any information that would have alerted Dr. Strickland to a basis for Dr. Strickland to have known or upon which he should have known that plaintiff would have an allergic reaction to albuterol. Because plaintiff is proceeding pro se, plaintiff will be granted leave to file a second amended complaint to address the deficiency noted herein.

5

Accordingly, it is hereby

ORDERED that Plaintiff particularize and amend his complaint within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise, and (iii) submitting a short, detailed statement of background facts which describes the <u>specific conduct of each defendant</u> whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, **<u>the dates of each incident</u>**, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought. Plaintiff must include the factual basis for his assertion that the defendant knew or should have known that plaintiff would have an allergic reaction to albuterol. Plaintiff must include his civil action number, **1:22cv40 (TSE/IDD)**, on the first page of his amended second complaint. Plaintiff is advised that **this second amended complaint will serve as the sole complaint in this civil action**; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order, a § 1983 form to plaintiff.

Entered this 10th day of May 2022.

Alexandria, Virginia

The Honorable T.S. Ellis, III
Senior United States District Judge

6