IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **William Green,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:22cv40 (TSE/IDD) |
| | ) | |
| **Kindeva Drug Delivery, et al.,** | ) | |
|     **Defendants.** | ) | |

MEMORANDUM OPINION and ORDER

Proceeding pro se, Virginia inmate William Green ("Green" or "plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983, and alleged that defendants Kindeva Drug Delivery, Sandoz Inc., and Dr. K. Strickland, were deliberately indifferent to his serious medical need because Green suffered an adverse reaction to a prescription for asthma administered through an inhaler (albuterol) [Dkt. No. 1 at 4]. Because plaintiff is a prisoner, his complaint was screened on February 4, 2022 to determine whether it was frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A. Defendants Kindeva Drug Delivery and Sandoz Inc. were each dismissed with prejudice because further amendment would have been futile. [Dkt. No. 5]. Plaintiff was granted leave to file an amended complaint with respect to Dr. K. Strickland to cure deficiencies noted in the February 4, 2022 Order.

Plaintiff filed an amended complaint on March 7, 2022 [Dkt. No. 6], which was screened on May 10, 2022 to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. [Dkt. No. 12]. The Court determined Green had not stated a claim and granted him leave to file an amended complaint within thirty (30) days. Green has not filed an amended complaint, and this civil action will be dismissed without prejudice and closed.

I.

An Eighth Amendment claim relating to medical care in prison requires a plaintiff to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, a plaintiff must allege two distinct elements to support a claim. First, he must allege a sufficiently serious medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Second, a plaintiff must allege that the defendant was deliberately indifferent to his serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An assertion of mere negligence or even malpractice is not sufficient to state an Eighth Amendment violation. See Estelle, 429 U.S. at 106. Instead, "an official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs *and the related risks*, but nevertheless disregarded them." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (emphasis added). "Deliberate indifference" entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show *more than negligence or the misdiagnosis of an ailment*." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (emphasis added). "Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that 'an

2

official's failure to alleviate a significant risk that *he should have perceived but did not*, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.'" Id. at 703 (citing Farmer, 511 U.S. at 838).

In his original complaint, Green had alleged that Dr. Strickland was deliberately indifferent to his serious medical needs because Green had an adverse reaction to albuterol the first time he used it. The February 4, 2002 Order noted that

> "[a] prisoner's adverse reaction to a medication prescribed by a prison physician, however, does not, by itself, establish deliberate indifference. See, e.g., Lowe v. Davenport, 442 F. App'x 955, 956-7 (5th Cir. 2011) (affirming dismissal of prisoner's complaint for failure to state a claim where he alleged that he suffered deleterious side effects from prescribed medications, but failed to allege any facts showing that defendants knew that he had a serious medical need and refused to treat that need). In dismissing a claim of deliberate indifference based upon an adverse reaction to a medication administered to an inmate, one federal district court noted that without establishing that the medical provider
>
>> knew or should have known about [the inmate's] apparent allergy, it is not reasonable to infer she was deliberately indifferent to the risk he would have an adverse reaction to the medication prescribed for him. Experiencing negative side effects from a prescribed medication is one the general public regularly undergoes. See Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (noting exposure to hazards faced daily by members of the public at large does not constitute a violation of the Eighth Amendment.).
>
> Davis v. Wingo, No. 3:09cv062, 2009 U.S. Dist. LEXIS 52932, *9 (N.D. Ind. June 23, 2009). The district court concluded that "at best, [the inmate had] merely allege[d] that [the medical provider] may have been negligent." Id. Green's allegation of deliberate indifference against Dr. Strickland does not state a claim in its present form and he will be granted leave to amend his complaint to address whether Strickland knew or should have known about his apparent allergy.

[Dkt. No. 5 at 5-6] (footnote omitted).

Although the February 4, 2022 Order granted plaintiff leave to amend his complaint to cure his deficiency, plaintiff's amended complaint did not cure the deficiency. Instead, the amended complaint contained a conclusory allegation that lacked a factual basis to support the

3

conclusion that Dr. Strickland knew or should have known plaintiff was allergic to albuterol or some ingredient in it. Plaintiff alluded to his "medical history" but did not allege that his medical history included any information upon which to infer that Dr. Strickland knew or should have known that plaintiff would have an allergic reaction to albuterol. Because plaintiff is proceeding pro se, the May 10, 2022 Order granted him leave to file a second amended complaint to address the deficiency noted herein. Plaintiff was warned that if he did not file an amended complaint within thirty (30) days, his civil action would be dismissed. Plaintiff has not complied or responded to the Court's May 10, 2022 Order, and he has not otherwise communicated with the Court.

## II.

In exercising its inherent authority to manage its docket, see Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017), and dismiss a case for noncompliance with a court order, the Court has considered the factors set forth in Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019). Plaintiff's failure to comply with the Court's May 10, 2022 Order is particularly significant. Had plaintiff timely complied with the Order, this case would have proceeded. Had he requested additional time to comply, the Court likely would have granted it. But in the absence of a response compliant with the previous court order, dismissal without prejudice is the least drastic sanction likely to be effective.[1]

---

[1] Plaintiff has failed to state a claim upon which relief could be granted and a dismissal without prejudice will allow him to file a new complaint in the future to pursue proper claims if he so desires, subject to the limitations of the Prison Litigation Reform Act of 1995 (PLRA), which established what has become known as the three-strikes rule 28 U.S.C. § 1915(g). See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020) ("A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice.").

Further, Plaintiff is advised that there is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims. Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991) (citing Virginia Code § 8.01-243(A)). A § 1983 claim accrues "when the plaintiff possesses

Accordingly, it is hereby

ORDERED that this civil action be and is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect plaintiff's ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.; and it is further

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order to plaintiff, and to close this civil action.

Entered this 29th day of June, 2022.

Alexandria, Virginia

_____
The Honorable T.S. Ellis, III
Senior United States District Judge

---

sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.